Kirkpatrick, C. J.
— This action was brought by the plaintiff below, against the defendants, for taking oysters in the North river in Shrewsbury, which oysters [*] the plaintiff claimed to have planted there, or to have purchased from one who had done so; and the certiorari seems, from the reasons assigned, to have been brought to try this right of planting, and exclusively using and occupying such oyster beds in that river. But there is not enough of the record to bring up that question. Whether the North river be a tide water, whether it be a public highway for all citizens to pass and repass, whether the land under the water has been located and sold, or what is the nature of tire fishery claimed, whether free, several or common, does not appear. However, the case therefore may really be as to this right of planting, and exclusively using and occupying these oyster beds in this water, there is nothing in this record which shows the recovery to be unlawful in this case. The plaintiff, for aught that appears, may have a several fishery. There- ' fore, I am for the affirming.
Rossell, J. — Concurred.
Pennington, J.
— The first reason assigned for the reversal of this judgment is, that the action is an action of trespass ; and the verdict and judgment in debt. The finding of the jury, and the rendering judgment is not technically correct; but it is too strict to reverse for this cause. The *233 word debt, seems to have been made irse of to distinguish the sum found due to the plaintiff from the costs; the word damage would have been more correct; but I cannot conceive that any injury can in any case arise from this manner of entering the verdict and judgment — technical formality is not required.
The second error assigned is, that the plaintiff [181] did not deliver to the justice his state of demand, on the return day of the summons. This, on view of the record, is literally trae. But it appears also from the record, that the summons was issued on the 27th January, returnable on the 10th February; that on the 3d of February, the justice was called out of the county, and [*] left a written adjournment behind him, adjourning to the 17th February; on which day both parties appeared, when the plaintiff filed the state of his demand. This was the first appearance, and for the purposes of filing the state of demand, might be considered the return day of the summons. If the defendant had not appeared, the justice could not legally have proceeded in his absence; but he appeared, and instead of complaining of the irregularity of the adjournment, moved another adjournment himself, on which adjournment the cause was tried. Under these circumstances, I think, the state of demand was filed in time.
The third error assigned is, that the action was brought for taking oysters out of a public tide river, and from near the middle of said river, where there had always been oyster beds. The state of demand, to which we are to look for the cause of action, says nothing about any river, but contains a general charge for taking a quantity of oysters, the property of the plaintiff, by force and arms from the plaintiff —and may be considered in substance as an action of trespass, for taking and carrying away the goods and chattels of the defendant. As no plea was put in, the cause must be considered as tried on the general issue; and there is a ver *234 diet and judgment for the plaintiff. The plaintiff in error cannot go out of the record to assign errors. It is true, that the justice hath sent up on his transcript what he was not bound to do, the testimony taken in the cause; which testimony goes to show that the oysters were taken out of a river. But evidence was also given, that the plaintiff, or rather those from whom he purchased them, put them there. This was all matter for the consideration of the jury, whose finding is not under review. If the river was a public river, and the oysters there growing, and it was lawful for all the citizens of the State to take them, the defendant ought to have pleaded the matter specially, and put the facts in issue.
Wall, for plaintiff.
Scudder, for defendant.
[*] I am, on the whole, of opinion that the judgment ought to be affirmed.
Judgment affirmed.